UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSE PIZARRO,

      Plaintiff,

 -against-

BILL BRATTON, Former NYPD
Commissioner; DEVIN BAKER, Shield
#28634, Police Officer, NYPD; JOSEPH
MOLONEY, Shield # 10143, Police Officer,
NYPD; JOHN DOE, NYPD Commissioner;
GENEIEVE TAYLOR; JOSEPH PONTE,
D.O.C. Commissioner; KENNETH P.
THOMPSON, District Attorney; DANIEL
DERBY, BDS; HARVEY A. HERBERT, Esq.;
JANE DOE, ADA, white female; JAMIE
BURKE, BDS; JOHN/JANE DOE, Warden,
G.R.V.C.; JOHN/JANE DOE, Warden,
O.B.C.C.; JOHN/JANE DOE, Warden,
A.M.K.C.; JOHN/JANE DOE, Warden, N.I.C.
Rikers Island; BILL DE BLASIO, Mayor of
New York City; and CUOMO, Governor of
New York,
      Defendants.
------------------------------------------------------------X

**NOT FOR PUBLICATION**

**MEMORANDUM AND ORDER**

17 CV 1694 (PKC) (SMG)

PAMELA K. CHEN, United States District Judge:

  Plaintiff Jose Pizarro, who is currently incarcerated at Rikers Island, filed this *pro se* action pursuant to 42 U.S.C. § 1983 on March 22, 2017. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. Each of the named Defendants is dismissed, but Plaintiff is granted leave to submit an amended complaint within thirty (30) days of the date of this Order.

## BACKGROUND

  In his Complaint, Plaintiff alleges that he was "falsely arrested" on February 17, 2016 and "falsely accused of harassment by Geneieve Taylor." (Compl., Dkt. 1, at ECF 7.)[1] He also states:

---

[1] Because the pages of the Complaint are not consecutively paginated, the Court refers to the page numbers generated by the Electronic Case Filing ("ECF") System.

"I spent eight months on Rikers Island before the case was dismissed." (*Id.*) Plaintiff further alleges that he was attacked by inmates and officers and received poor medical care at Rikers Island. (*Id.*) As a result, he suffered a collapsed lung, had to have a metal plate and screws placed in his knee after surgery, and suffers from mental health issues, including depression, insomnia, and Post Traumatic Stress Disorder. (*Id.*) He seeks damages of $470 million. (Compl. at ECF 8.)

Plaintiff has another lawsuit pending in this Court, in which he seeks damages for civil rights violations related to a February 17, 2016 arrest for discharging a firearm. *Pizarro v. Doe, et al.*, 16-CV-1597-CBA-SMG (E.D.N.Y.). Despite representing in the instant action that he has not filed a prior lawsuit involving the same facts (Compl. at ECF 1), Plaintiff's claims in 16-CV-1597 appear to be based on some of the same facts alleged here, *e.g.*, that Defendant Geneieve Taylor filed a false harassment complaint against him, that his Legal Aid attorney, Daniel Derby, provided "ineffective assistance of counsel during his arraignment," and that he was maliciously prosecuted. (*Compare Pizarro*, 16-CV-1597, Dkt. 2, at 3, *with* Compl. at ECF 4-5, 7 (alleging that on February 17, 2016, Plaintiff was "falsely arrested and falsely accused of harassment" by Geneieve Taylor and naming as Defendants the prosecutor, all of the officers involved in Plaintiff's February 17, 2016 arrest, Daniel Derby, and the Brooklyn Defender Service).[2] The only apparent difference between Plaintiff's two actions is that, here, Plaintiff is also seeking to sue Rikers Island officials for events he alleges occurred while he was incarcerated there.

## STANDARD OF REVIEW

Title 28 of the United States Code, § 1915A requires this Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or

---

[2] The Court notes that 16-CV-1597 has been stayed pending the resolution of Plaintiff's underlying criminal proceedings. (16-CV-1597, 3/21/17 Docket Order and Dkt. 21 (Defendants' status letter indicating that Plaintiff's criminal prosecution is ongoing).)

employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the *in forma pauperis* statute, a district court must dismiss a case for the same reasons. 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

Plaintiff purports to raise claims under 42 U.S.C. § 1983, which provides a private cause of action to seek redress for the deprivation of civil rights by a person acting under State or

municipal authority. In order to maintain an action under § 1983, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations omitted). A § 1983 plaintiff seeking to recover money damages must also establish that the named defendant was personally involved in the wrongdoing or misconduct complained of. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Although Plaintiff names multiple Defendants in the caption of his complaint, he sets forth specific factual allegations against only one, Geneieve Taylor, whom he alleges falsely accused him of harassment. (Compl. at ECF 7.) However, this Defendant is not alleged to be a State actor who can be held liable under § 1983. (*Id.*) Accordingly, all claims against Defendant Geneieve Taylor are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[3]

---

[3] Moreover, as a complaining witness, Taylor likely would be entitled to absolute immunity from suit. *See Briscoe v. LaHue*, 460 U.S. 325, 334-36 (1983) (private **Error! Main Document Only.**witnesses who testify in judicial proceedings are protected by absolute immunity); *D'Agostino v. New York State Liquor Auth.*, 913 F. Supp. 757, 770 (W.D.N.Y. 1996) ("Even 'providing false information to an arresting officer is not, by itself, sufficient to state a claim against that private party under § 1983.'") (quoting *Moore v. Marketplace Rest., Inc.*, 754 F.2d 1336, 1352 (7th Cir. 1985)).

The remaining Defendants are also dismissed because the complaint does not allege that they committed any act or omission that deprived Plaintiff of a federal right. The complaint does not state who arrested Plaintiff, or the circumstances under which Plaintiff was arrested. Nor does the complaint describe the facts and circumstances of any other alleged violation of Plaintiff's rights. These omissions are fatal to Plaintiff's claims against the named Defendants, because a claim under § 1983 requires the plaintiff to allege each defendant's personal involvement in the alleged deprivation of the plaintiff's rights. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). Accordingly, the remaining named Defendants are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, the Court grants leave to amend the complaint to state in greater detail the facts and circumstances of the alleged deprivation of his constitutional rights. To the extent Plaintiff chooses to file an amended complaint, he should describe the events surrounding his arrest, explain why the arrest was false, and identify the government officials who were responsible for making the false arrest. If Plaintiff seeks to assert a claim based on his treatment at Rikers Island, which allegedly included physical violence and denial of medical treatment, Plaintiff should likewise explain in detail the mistreatment he suffered and identify the government officials who were personally responsible for that mistreatment. In making these specific allegations, if Plaintiff does not know the names and badge numbers of the police officers, correctional officers or medical personnel whom he believes to be responsible, he may identify each of them as John Doe Police Officer #1, or the like, along with any physical description. Importantly, however, Plaintiff must provide the date and location for all relevant events and a brief description of what each defendant did or failed to do in violation of his civil rights.

Finally, given that the complaint names seventeen defendants who hold various positions in State and local government, the Court directs Plaintiff's attention to the following legal

authorities that protect certain government officials from private lawsuits under § 1983. First, with respect to any prosecutorial defendant named in the complaint (such as "Jane Doe, Assistant District Attorney, white female"), "[i]t is well established that a state prosecuting attorney who acted within the scope of his [or her] duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." *Shmueli v. City of New York,* 424 F.3d 231, 236 (2d Cir. 2005) (internal quotations omitted). "Prosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." *Hill v. City of New York,* 45 F.3d 653, 661 (2d Cir. 1995) (quotation marks and brackets omitted). Second, a claim under § 1983 can be asserted only against a person "acting under the color of state law," which means anyone who is not acting on behalf of a state or local government—such as lawyers from the Brooklyn Defender Service, who are currently named as Defendants—is not a proper defendant under § 1983. *See Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983.").

## CONCLUSION

Plaintiff's claims against all of the named Defendants are dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). The Court grants Plaintiff leave to file an amended complaint within thirty (30) days of the date of this order. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this order. If plaintiff fails to file an amended complaint within thirty days, the complaint will be dismissed and judgment shall enter. No summonses shall issue at this time, and all further proceedings shall be stayed for thirty days. The court certifies

6

pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/ Pamela K. Chen

PAMELA K. CHEN
United States District Judge

Dated: May 31, 2017
       Brooklyn, New York